```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

OMEGA DEDICATED LTD.,                    )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )     Civil No. 2013-117
                                         )
COWPET BAY WEST CONDOMINIUM              )
ASSOCIATION and ITS BOARD OF             )
DIRECTORS,                               )
                                         )
            Defendants.                  )
                                         )
```

ATTORNEYS:

**Garry E. Garten, Esq.**
Law Office of Garry Garten, Esq.
St. Thomas, VI
  *For the Plaintiff,*

**James L. Hymes, III, Esq.**
Law Offices of James Hymes III
**Mark Wilczynski, Esq.**
Law Office of Wilcyznski & Garten, P.C.
St. Thomas, VI
  *For the Defendants.*

## ORDER

**GÓMEZ, J.**

Before the Court is the amended complaint of the plaintiff, Omega Dedicated, Ltd. ("Omega").

Cowpet Bay West Condominium Association and its Board of Directors ("Cowpet") are insured, in part, by Omega. Pursuant to that insurance agreement, Omega is obligated to provide legal defense and indemnification in certain actions. Cowpet was sued by two members of the condominium association in this Court.

Case: 3:13-cv-00117-CVG-RM Document #: 79 Filed: 01/02/15 Page 2 of 4

Omega Dedicated Ltd. v. Cowpet Bay West Condominium Assoc.
Civil No. 13-117
Order
Page 2

Those two law suits arose under the Fair Housing Act, as amended, the Americans with Disabilities Act, and local law (the "disability cases"). Following the filing of the disability cases, Omega filed the instant case (the "declaratory judgment case"). Omega's complaint seeks a declaratory judgment regarding Omega's liability as an insurer to provide indemnity and defense for the disability cases that were filed in this Court.

While the declaratory judgment case was ongoing, the disability cases were concluded. In each of the disability cases the federal claims against all defendants were either dismissed or disposed of in Cowpet's favor on summary judgment. The remaining local claims were dismissed for want of jurisdiction. As a result, the disability cases are no longer pending in this Court.

Federal courts have jurisdiction over only "cases and controversies[.]" *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). "The core of the case-or-controversy requirement is the triad of injury in fact, causation, and redressability. This doctrinal core serves to identify those disputes which are appropriately resolved through the judicial process." *New Jersey Peace Action v. Bush*, 379 F. App'x 217, 221 (3d Cir. 2010) (internal quotations and citations omitted). Where one of these elements is missing, there is no case or controversy on which the Court may rule. *See, e.g., Russell v. DeJongh*, 491 F.3d 130,

Case: 3:13-cv-00117-CVG-RM Document #: 79 Filed: 01/02/15 Page 3 of 4

Omega Dedicated LLC. v. Cowpet Bay West Condominium Assoc.
Civil No. 13-117
Order
Page 3

133-34 (3d Cir. 2007)(finding there was no case or controversy where there was no injury-in-fact).

In the instant matter, it is clear that at the time Omega filed suit Omega had standing to do so. Omega, at that time, faced imminent, concrete, and specific injury. Circumstances have changed since that time. The underlying disability cases have been disposed of in a manner which did not result in liability for the insured party, Cowpet.

Where a case has been dismissed in such a manner, the insurer is no longer facing imminent injury. *See Nautilus Ins. Co. v. Nevco Waterproofing*, 202 F. App'x 667, 667 (5th Cir. 2006)(finding that after the underlying case was dismissed, there was no longer "sufficient immediacy and reality" such that there was a live case or controversy); *see also Prudential Prop. & Cas. Ins. Co. v. Beaufort*, 263 F. Supp. 2d 982, 984-85 (E.D. Pa. 2003) ("An 'injury in fact' must be concrete and specific, and actually or imminently threatened.' Since the tort lawsuit . . . is no longer pending, Prudential P & C is no longer subject to the tort defendants' demand for legal defense and indemnification in the underlying suit.") This moots the insurer's declaratory judgment action. *See Nautilus Ins. Co.*, 202 F. App'x at 667; *see also Prudential Prop.*, 263 F. Supp. 2d at 985.

Case: 3:13-cv-00117-CVG-RM  Document #: 79  Filed: 01/02/15  Page 4 of 4

Omega Dedicated Ltd. v. Cowpet Bay West Condominium Assoc.
Civil No. 13-117
Order
Page 4

The premises considered, it is hereby

**ORDERED** that this case is **DISMISSED** as **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**